*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FRANKLIN HAROLD BRADSHAW I,

Defendant-Appellant.

UNPUBLISHED
August 12, 2026
12:07 PM

No. 374822
St. Clair Circuit Court
LC No. 24-001918-FC

Before: ACKERMAN, P.J., and BAZZI and LIEVENSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b), and two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b). The trial court sentenced him to 25 to 50 years' imprisonment for CSC-I and 10 to 15 years for each CSC-II conviction. On appeal, he argues that the evidence was insufficient to support his CSC-I conviction, and he challenges the constitutionality of his sentence for that count. We affirm.

## I. BACKGROUND

This case arises out of defendant's sexual abuse of his grandchild, AB, when AB was six and seven years old. During the relevant period from September 2013 to January 2014, AB temporarily lived with defendant while the child's parents participated in counseling to address domestic violence within their marriage.

At trial, AB testified that, while living with defendant, defendant got into the bathtub with AB while both were nude and made AB sit on defendant's lap facing away from defendant, and that defendant's erect penis touched AB's back and buttocks. Defendant also masturbated in front of AB and asked AB to masturbate him, which AB did on one occasion. On another occasion, defendant removed AB's clothing and performed oral sex on the child. Defendant said that if AB told anyone, AB would not be allowed to see him anymore.

AB did not disclose the sexual abuse until a 2022 counseling appointment. However, AB made no disclosures during a subsequent forensic interview, and the investigation was closed as

-1-

unfounded. In August 2023, AB learned that DK, a young girl, also alleged similar abuse by defendant.[1] AB then underwent additional forensic interviews and disclosed the abuse that occurred in 2013 and 2014.

After the presentation of evidence, the jury convicted defendant as described above. The trial court imposed a 25-year mandatory minimum sentence for the CSC-I conviction, see MCL 750.520b(2)(b), and 10- to 15-year terms for each CSC-II conviction. Defendant now appeals.

## II. DISCUSSION

## A. SUFFICIENCY

Defendant first challenges the sufficiency of the evidence to support his CSC-I conviction.[2] We review de novo a challenge to the sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020). "But more importantly, '[t]he standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict.' " *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018), quoting *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (alteration in original). The prosecution is not required to disprove every reasonable theory of a defendant's innocence; it "need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *Kenny*, 332 Mich App at 403.

"[D]ue process requires the prosecution to prove every element beyond a reasonable doubt." *Oros*, 502 Mich at 239 n 3. Defendant was convicted of CSC-I under MCL 750.520b(2)(b), which provides that an offender is guilty of CSC-I if the offender sexually penetrated a person who was less than 13 years old, and the offender was 17 years of age or older. On appeal, defendant acknowledges AB's testimony that defendant "put his mouth on" AB's vagina, but he argues that testimony was too vague to establish the penetration element. He does not challenge the sufficiency of the evidence as to the other elements of the offense.

Under MCL 750.520a(r), "sexual penetration" means "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body . . . into the genital or anal openings of another person's body." In this case, the prosecution proceeded

---

[1] DK testified at trial as an other-acts witness. She described an incident that occurred at defendant's home in April 2021 when she was six years old. During that incident, defendant got into the bathtub with her while both were nude and asked her to wash his "private," which she refused.

[2] Defendant frames this argument as a challenge to the trial court's denial of his motion for a directed verdict of acquittal as to the CSC-I charge. But defendant did not move for a directed verdict at any time during trial, so we construe his argument as a challenge to the sufficiency of the evidence supporting that conviction.

under the theory that defendant committed CSC-I by performing cunnilingus on AB. "[C]unnilingus requires the placing of the mouth of a person upon the external genital organs of the female which lie between the labia, or the labia itself, or the mons pubes." *People v Harris*, 158 Mich App 463, 470; 404 NW2d 779 (1987). Because an act of cunnilingus is, by definition, an act of penetration under MCL 750.520a(r), the prosecution need not present evidence of additional penetration beyond cunnilingus to sustain a conviction for CSC-I under MCL 750.520b(2)(b).

In this case, AB testified about an assault that occurred while the child sat on defendant's couch. Defendant removed AB's clothing, then sat or knelt on the floor near the couch and pulled AB's legs apart before "he put his mouth on [AB's] private parts." AB elaborated that defendant's mouth touched AB's vagina. That testimony was sufficient to support a reasonable inference that defendant performed cunnilingus on AB by "placing [his] mouth . . . upon the external genital organs of [AB] which lie between the labia, or the labia itself, or the mons pubes." *Harris*, 158 Mich App at 470; see also *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016) ("The victim's testimony alone can provide sufficient evidence to support a conviction.").

On appeal, defendant contends that AB's testimony was too ambiguous to prove beyond a reasonable doubt that his "tongue penetrated AB's genital opening." But our jurisprudence makes clear that cunnilingus does not require actual penetration of the vagina; it merely "requires the placing of the mouth" on the victim's "external genital organs." *Harris*, 158 Mich App at 470. Viewed in the light most favorable to the prosecution and drawing all reasonable inferences in support of the verdict, *Oros*, 502 Mich at 239, a rational jury could find from AB's testimony that defendant penetrated AB within the meaning of MCL 750.520b(2)(b) by placing his mouth on AB's external genital organs. See *People v Wilkens*, 267 Mich App 728, 738-739; 705 NW2d 728 (2005) (holding that a videotape depicting the defendant "plac[ing] his mouth between the female victim's legs on at least one occasion" was sufficient to establish the penetration element of CSC-I).

## B. CRUEL OR UNUSUAL PUNISHMENT

Defendant next argues that the 25-year mandatory minimum sentence for CSC-I under MCL 750.520b(2)(b) constitutes cruel or unusual punishment.

In general, we review constitutional questions de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Statutes are presumed to be constitutional, and the courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011) (citation omitted). "A party challenging the constitutionality of a statute has the burden of proving its invalidity." *People v Jarrell*, 344 Mich App 464, 482; 1 NW3d 359 (2022). Because defendant did not raise this challenge in the trial court, however, our review is limited to plain error affecting his substantial rights. *People v Burkett*, 337 Mich App 631, 635; 976 NW2d 864 (2021). To obtain relief under that standard, a defendant must show that "(1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights" by affecting the outcome of the proceedings. *People v Anderson*, 341 Mich App 272, 279; 989 NW2d 832 (2022) (quotation marks and citation omitted). Even if those requirements are met, reversal is warranted only if the error "resulted in the conviction of an actually innocent defendant" or "seriously affected the fairness,

integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (cleaned up).

"The Michigan Constitution prohibits cruel or unusual punishment, Const 1963, art 1, § 16, whereas the United States Constitution prohibits cruel and unusual punishment, US Const, Am VIII. If a punishment passes muster under the state constitution then it necessarily passes muster under the federal constitution." *Burkett*, 337 Mich App at 636 (citations omitted).

Challenges to the constitutionality of a statute fall into two categories: facial challenges and as-applied challenges. *Jarrell*, 344 Mich App at 482. "A facial challenge involves a claim that there is no set of circumstances under which the enactment is constitutionally valid, while an as-applied challenge considers the specific application of a facially valid law to individual facts." *Id*. (quotation marks and citation omitted). Defendant raises both.

## 1. FACIAL CHALLENGE

Defendant first asserts that the 25-year mandatory minimum sentence for CSC-I under MCL 750.520b(2)(b) constitutes cruel or unusual punishment. We disagree.

In assessing whether a punishment is cruel or unusual, courts weigh (1) the harshness of the penalty against the gravity of the offense, (2) the penalty compared to penalties for other offenses in Michigan, (3) the penalty compared to penalties imposed for the same offense in other states, and (4) whether the penalty advances the goal of rehabilitation. *People v Bullock*, 440 Mich 15, 33-34; 485 NW2d 866 (1992).

Applying that framework, this Court in *Benton* squarely held that the 25-year mandatory minimum sentence prescribed by MCL 750.520b(2)(b) for CSC-I committed by a defendant 17 years of age or older against a victim under 13 is neither cruel nor unusual. *Benton*, 294 Mich App at 203-207. Accordingly—and as defendant concedes on appeal—*Benton* forecloses any relief on the basis of defendant's facial challenge to the constitutionality of his 25-year sentence for CSC-I.

## 2. AS-APPLIED CHALLENGE

Defendant next contends that his 25-year mandatory minimum sentence for CSC-I violates the Eighth Amendment's prohibition on grossly disproportionate sentences as applied to him. Again, we disagree.

The prohibition against cruel or unusual punishment includes a prohibition on grossly disproportionate sentences. *Bullock*, 440 Mich at 32. But legislatively mandated sentences are presumptively proportionate, *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011), and "a proportionate sentence is not cruel or unusual," *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013).

To overcome the presumption of proportionality, a defendant must show that there is something unusual about the circumstances of his case that renders the sentence disproportionate. *People v McFarlane*, 325 Mich App 507, 538; 926 NW2d 339 (2018). Because the Legislature afforded the trial court no discretion to impose a lesser minimum, defendant's claim necessarily

sounds in constitutional proportionality rather than in the abuse-of-discretion review applicable to discretionary sentencing decisions. See *People v Posey*, 512 Mich 317, 325; 1 NW3d 101 (2023).

Defendant identifies two circumstances he contends are unusual: his age—67 at sentencing, such that he will not be eligible for parole until approximately age 92—and his lack of any prior criminal history. Neither circumstance overcomes the presumption of proportionality.

Defendant's advanced age and the resulting likelihood that a lawful term-of-years sentence will consume the remainder of his life do not render the presumptively proportionate sentence disproportionate. See *People v Purdle*, 350 Mich App 446, 456; 32 NW3d 479 (2024) (recognizing that "a defendant's age is insufficient to overcome the presumption of proportionality"); see also *People v Merriweather*, 447 Mich 799, 808-809; 527 NW2d 460 (1994) (holding that, in the context of sentences for CSC-I contrary to MCL 750.520b(2), there is no basis "to conclude that the Legislature intended that all defendants, or even simply this defendant, must be eligible for parole" within their lifetimes). Likewise, defendant's lack of a criminal history is not an unusual circumstance sufficient to rebut the presumptive proportionality of his legislatively mandated sentence. *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994).

Because defendant failed to overcome the presumptive proportionality of his 25-year mandatory minimum sentence for CSC-I, he is not entitled to resentencing.

Affirmed.

/s/ Matthew S. Ackerman
/s/ Mariam Saad Bazzi
/s/ Andrew J. Lievense